1 Joshua B. Swigart, Esq. (SBN: 225557)
  josh@westcoastlitigation.com
2 Yana A. Hart, Esq. (SBN: 306499)
3 yana@westcoastlitigation.com
  **Hyde & Swigart, APC**
4 2221 Camino Del Rio South, Suite 101
5 San Diego, CA 92108
  Telephone: (619) 233-7770
6 Fax: (619) 297-1022

*Attorneys for Plaintiff*
Ophelia Augustine

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| OPHELIA AUGUSTINE, | Case No: '18CV2115 JAH NLS |
|---|---|
| Plaintiff, | **CLASS COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.** |
| v. | |
| LIEN ENFORCEMENT, INC., | |
| Defendant. | **Jury Trial Demanded** |

**INTRODUCTION**

1. The Ophelia Augustine ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Lien Enforcement, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent facsimile messages like the one described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

1  *Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

3. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call [...]." *Id*. At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

4. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act [...] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 47 U.S.C. § 227, *et seq.* and 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in California, operating a debt collection agency out of San Jose, California.

7. A substantial part of the events or omissions giving rise to this claim occurred in San Diego, California against Plaintiff, who resides in the County of San Diego, State of California. Therefore, venue is proper.

8. At all times relevant, Defendant conducted business within the County of San Diego, State of California.

# PARTIES

9. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of San Diego, in the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation organized and existing under the laws of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California, including the County of San Diego.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

# FACTS

12. On July 20, 2018, Defendant called Plaintiff's cellular telephone (ending in "9532") and left the following voicemail: "We have an important message from Lien Enforcement Incorporated. This is a call from a debt collector. Please call +1 (877)757-2296. Again, that number is +1 (877)757-2296."

13. The telephone number that Defendant used to leave the above voicemail was +1 (818) 217-8894.

14. This voicemail was conveyed using an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

15. This voicemail was conveyed using a prerecorded message, dictated by an artificial voice.

16. Plaintiff did not give Defendant "prior express consent" to place telephone calls to her cellular telephone using an ATDS.

17. Plaintiff did not give Defendant written consent to place telephone calls to her cellular telephone using an ATDS.

18. Defendant's voicemail was for the purpose of collecting a debt, as evidenced by its admission that "[t]his is a call from a debt collector."

19. Defendant's call was not for the purpose of an emergency.
20. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
21. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.
22. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).
23. These telephone calls made by Defendant were in violation of 47 U.S.C. § 227(b)(1). Further, these telephone calls invaded Plaintiff's privacy.

## STANDING

24. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:
    - a valid injury in fact;
    - which is traceable to the conduct of Defendant; and
    - is likely to be redressed by a favorable judicial decision.
    
    See, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.
25. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### A. The "Injury in Fact" Prong

26. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.
27. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th

Cir. 2012). In this case, Plaintiff was called on her cellular telephone by Defendant, who utilized an ATDS and prerecorded voice. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

28. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. In this case, Defendant invaded Plaintiff's privacy and peace by calling her cellular phone, and it did this with the use of an ATDS and prerecorded voice. Moreover, Defendant made these calls at Plaintiff's expense: Plaintiff must now pay for Defendant's telephone calls to her cellular phone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### B. The "Traceable to the Conduct of Defendant" Prong

29. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant(s).

30. Here the above phone calls are directly linked to Defendant. At the outset of the voicemail, Defendant, identified itself as Lien Enforcement, Inc.: "We have an important message from Lien Enforcement Incorporated." Therefore, Plaintiff has alleged facts that show that its injuries are traceable to the conduct of Defendant.

### C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

31. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

32. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227.

The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

33. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

34. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

36. Plaintiff represents, and is a member of, the Class, consisting of: All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS or prerecorded voice from Defendant, or their agents calling on behalf of Defendant, between the date of filing this action and the four years preceding, where such calls were placed for the purpose of collecting a debt, to non-customers of Defendant, at the time of the calls.

37. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by

having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

- Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or prerecorded voice to any telephone number assigned to a cellular telephone service.
- Whether Defendant called non-customers of Defendant for debt collection purposes;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

42. As a person who received calls from Defendant in which Defendant used an ATDS and prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

///

///

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATION OF THE TCPA
# 47 U.S.C. § 227 ET SEQ.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION
# KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
# 47 U.S.C. § 227 ET SEQ.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

## PRAYER FOR RELIEF

55. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

58. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

59. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

61. Any other relief the Court may deem just and proper.

///
///
///
///
///
///

# TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: September 7, 2018                       **HYDE & SWIGART, APC**

By: /s/ Yana A. Hart
    Yana A. Hart
    Attorney for Plaintiff

**Additional Attorneys**

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**Law Office of Daniel G. Shay**
Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292